UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN KEITH BROWN,

    Plaintiff,

  v.                                            CAUSE NO. 3:22-CV-646-DRL-MGG

ROBERT CARTER *et al.*,

    Defendants.

OPINION AND ORDER

Bryan Keith Brown, a prisoner without a lawyer, filed a civil rights complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brown is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Brown is incarcerated at Indiana State Prison (ISP). He alleges that he was denied access to the law library between October 2020 and July 2021, causing him to miss the deadline for filing a petition for writ of certiorari with the Supreme Court. His

allegations and the public record reflect that in 2018, he sought federal habeas relief in this district challenging his criminal conviction.[1] *See Brown v. Superintendent*, 3:18-CV-487-JD-MGG (N.D. Ind. closed June 4, 2019). The court denied his petition in June 2019 and also denied his motion to alter or amend the judgment. *Id.* He sought review in the Seventh Circuit, but in October 2020 that court denied his request for a certificate of appealability. *Id.*, ECF 46-1. To seek review in the Supreme Court, he was required to file a petition for writ of certiorari by March 15, 2021. (ECF 1-1 at 8.)

He claims that from late October to late November 2020, the prison was on quarantine due to the COVID-19 pandemic. He further claims that during the "holiday months" of November to January, his access to the law library was "limited." Then in late January 2021, the prison went on an extended lockdown due to the murder of a prison guard, which continued until July 2021. Inmates could not go to the law library during the lockdown. He claims that he notified Todd Marsh, who he identifies as a "Case Manager," about his filing deadline but never heard anything back. After the lockdown lifted, Mr. Brown filed an untimely petition for writ of certiorari, but it was returned to him unfiled. (ECF 1-1 at 8.) The Supreme Court stated that it lacked jurisdiction to consider the petition because the time for filing a petition for writ of certiorari had already expired. (*Id.*)

It can be discerned from the complaint that in addition to physically going to the law library, inmates are also given electronic tablets to access the internet. However, Mr.

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

Brown claims he was without a tablet during this period. He attaches documentation showing that he inquired about getting a tablet in July 2020, stating that the lack of a tablet was impacting his ability to contact his family. (ECF 1-1 at 13.) He was told that because his old tablet was broken, he would have to pay $250 to get a new one. (*Id.*)

Based on these events, he sues Indiana Department of Correction (IDOC) Commissioner Robert Carter, ISP Warden Ron Neal, and Case Manager Todd Marsh for $1 million dollars and other relief. He claims that their actions caused him to lose out on the opportunity to seek review in the Supreme Court. He acknowledges that the Supreme Court only accepts a small number of cases for review each year, but in his words, "any chance beats no chance."

Prisoners are entitled to meaningful access to the courts, but there is no "abstract, freestanding right" to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim related to the prisoner's conviction, sentence, or conditions of confinement. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* Thus, to state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Mr. Brown claims that his access to the law library was limited due to an unusual set of circumstances occurring between October 2020 and July 2021. However, it can be discerned that he was not without library access during this entire period. Specifically, a

3

letter he attaches to the complaint reflects that inmates had "limited" access to the law library during the quarantine. (ECF 1-1 at 1.) His allegations make clear that that he had some limited access during November, December, and January. He does not allege why this was not enough time to prepare a petition for writ of certiorari, or at least to file a motion seeking an extension of time to do so. *See* S. Ct. R. 13.5 ("For good cause, a Justice may extend the time to file a petition for a writ of certiorari . . . . The application must be filed within the Clerk at least 10 days before the date the petition is due, except in extraordinary circumstances.").

Additionally, he does not identify any of the issues he would have raised with the Supreme Court. Without such information, he has not plausibly alleged prejudice to a non-frivolous legal claim. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (to allege a claim for denial of access to the courts, the "predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope"); *Howard v. Webster*, 339 F. Appx. 616, 618–19 (7th Cir. 2009) ("Howard has not identified . . . the potential grounds he wished to raise in his petition for a writ of certiorari, thus making it impossible for the district court or this court to evaluate whether his underlying claim would have raised a nonfrivolous issue.").

In addition to these problems, two of the defendants he names are high-ranking officials, and it appears he is trying to hold them liable because they are responsible for overseeing operations within the IDOC. But there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these officials cannot be held liable for damages solely because they hold supervisory positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir.

4

2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). They can be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019.) Mr. Brown has not satisfied this pleading standard. Although these defendants may have had some role in imposing the quarantine or the lockdown, it is evident from the complaint that these steps were taken in response to serious threats to the safety and security of the facility—a public health pandemic and the death of a prison guard. There is no indication these officials had personal knowledge of Mr. Brown's filing deadline or that they made individualized decisions about his movements during this period so as to cause him to miss the deadline. *See Howard*, 339 F. Appx. at 618. Nor are there allegations to suggest they were personally aware he was without a tablet during this period, or that they condoned or facilitated the actions of staff in denying him access to legal materials. He has not stated a plausible constitutional claim against these defendants.

As to Mr. Marsh, he claims he informed him about his filing deadline but did not hear anything back. In support, he cites to a memorandum attached to the complaint, which is dated December 7, 2020, and addressed to his "counselor" (who he does not name). (ECF 1-1 at 4.) Mr. Brown identifies Mr. Marsh as a "case manager" in his complaint, so it is somewhat unclear whether he gave this memorandum to Mr. Marsh. Assuming he did, it makes no mention of him being without a tablet, and his earlier inquiry about the tablet to another prison employee linked it only to his inability to contact his family. (ECF 1-1 at 13.) At most he alleges circumstances suggesting negligence by Mr. Marsh in not following up to ensure he had a tablet while the law

library was inaccessible, but "an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Assuming he properly alleges intentional conduct by Mr. Marsh, his failure to identify the issues he wanted to raise in a petition for writ of certiorari dooms his claim. *See Howard*, 339 F. Appx. at 619.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Brown an opportunity to amend his complaint if after reviewing the court's order he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 19, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

November 21, 2022         *s/ Damon R. Leichty*
                          Judge, United States District Court