UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN KEITH BROWN,

    Plaintiff,

  v.                                                                          CAUSE NO. 3:22-CV-646-DRL-MGG

ROBERT CARTER *et al.*,

    Defendants.

OPINION AND ORDER

Bryan Keith Brown, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 10.) As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brown is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Brown filed an original complaint, which the court determined was subject to dismissal under 28 U.S.C. § 1915A. (ECF 8.) The court afforded him an opportunity to file

an amended complaint further illuminating his claims, and he responded with the present filing. (ECF 10.)

Mr. Brown is incarcerated at Indiana State Prison (ISP). As with his original complaint, he alleges that ISP staff denied him access to the courts by causing him to miss the deadline for filing a petition for *writ of certiorari* to the United States Supreme Court on federal habeas review. His allegations and the public record reflect that in 2018, he sought federal habeas relief in this district challenging his Indiana felony murder conviction. *See Brown v. Superintendent*, 3:18-CV-487-JD-MGG (N.D. Ind. closed June 4, 2019). The court denied his petition. *Id.* He sought review, but the court of appeals denied his request for a certificate of appealability. *Id.* ECF 46-1. To seek review in the Supreme Court, he was required to file a petition for *writ of certiorari* by March 15, 2021.

He claims that during the fall 2020, the prison was quarantined due to the COVID-19 pandemic. Inmates were allowed to go to the law library during this period, but only a limited number of inmates could go at one time because of social distancing requirements. He does not state whether he went to the library during this period, but an attachment reflects that he was scheduled to go on December 10, 2020. From late January 2021 to July 2021, the prison was on an extended lockdown due to the death of a prison guard. Inmates could not go to the law library during the lockdown. He claims that he notified Case Manager Todd Marsh and Warden Ron Neal about his filing deadline during the lockdown but never heard anything back.

In addition to law library access, inmates are also given electronic tablets to access the internet. Mr. Brown claims he was without a tablet during this period because he had

turned his tablet in to be fixed. An attachment reflects that in response to an inquiry he made in July 2020, he was told by a prison staff member (a non-party) that because his old tablet was broken, he would have to pay $250 to get a new one. He filed a response explaining how he had dropped his tablet. He was told that the tablet was his responsibility and that he would have to pay the $250 to get a new one. It does not appear that he paid this amount or ever received a new tablet.

After the lockdown lifted, he filed a petition for *writ of certiorari* with the Supreme Court, but it was rejected as untimely. Based on these events, he sues Warden Neal and Case Manager Marsh for $32 million in damages, alleging that they denied him access to the courts by causing him to miss the filing deadline.

Prisoners are entitled to meaningful access to the courts, but there is no "abstract, freestanding right" to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* To state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

To illuminate the claims he wanted to raise with the Supreme Court, he attaches the petition for *writ of certiorari* that was rejected as untimely. As best as can be discerned, he wanted to argue that his trial counsel was ineffective in failing to argue that he was not guilty of felony murder because he shot one of the victims in self-defense, and because

3

the underlying crime was not an attempted robbery as the state charged, but a drug deal gone bad.[1] However, *Heck v. Humphrey*, 512 U.S. 477 (1977), prevents him from arguing that he is entitled to damages because he was wrongfully convicted, even in connection with an access-to-the-courts claim. *See Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (prisoner's claim for damages for violation of his right of access to the courts was barred by *Heck*, "which forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside, which [he] has not done"); *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir. 1998) (under *Heck*, prisoner could not obtain award of damages for denial of access to the courts stemming from hindrance of his ability to challenge his guilty plea unless he first succeeded in getting his conviction annulled).

Assuming he could avoid the *Heck* bar, he has not alleged a concrete injury to a potentially meritorious claim. An argument about the application of well-settled Sixth Amendment principles to the facts of Mr. Brown's case is not the type of issue on which the Supreme Court would be likely to grant *certiorari*.[2] *See* S. CT. R. 10 (providing that "a petition for writ of certiorari will be granted only for compelling reasons," such as where

---

[1] In resolving his federal habeas petition, the court found that counsel did in fact present evidence to the jury on these issues and was not otherwise ineffective. *See Brown*, 3:18-CV-487-JD-MGG, ECF 28 at 8-10.

[2] To the extent he wanted to assert a free-standing claim with the Supreme Court based on the Indiana court's application of the felony-murder rule as outlined in *Palmer v. State*, 704 N.E.2d 124 (Ind. 1999), that is not a claim he raised in his federal habeas petition. *See Brown*, 3:18-CV-487-JD-MGG, ECF 28. Nor would such a claim be cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (errors of state law are not cognizable on federal habeas review).

there are conflicting opinions by two courts of appeals, where a state court has issued an opinion that conflicts with the decision of another state court or a federal court of appeals, or where an "important question of federal law" remains unsettled); *Gonzalez v. Crosby*, 545 U.S. 524, 544 n.7 (2005) ("A petition for certiorari seeking review of a denial of a COA has an objectively low chance of being granted. Such a decision is not thought to present a good vehicle for resolving legal issues, and error correction is a disfavored basis for granting review, particularly in noncapital cases.").

Furthermore, although he alleges generally that he notified the two defendants of his filing deadline, they both appear to be supervisory personnel rather than the individuals responsible for scheduling inmates to go to the law library. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and a defendant "cannot be hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). In other words, a prisoner cannot simply "write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign" is unsuccessful. *Id.* The Warden and Case Manager Marsh (whom he identifies as the individual "overseeing ACH counselor's office during the time in question") cannot be held liable for damages solely because other prison employees did not schedule him to go to the law library or give him a tablet to use.[3] *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018);

---

[3] He claims he notified Case Manager Marsh that he needed to go to the law library and had no tablet; in support he directs the court to "Ex. B" to the amended complaint. However, Exhibit B

5

*Burks*, 555 F.3d 592, 595 (7th Cir. 2009). Even assuming these two defendants were on notice that he needed to go to the law library and failed to follow up, at most this suggests negligence, and "an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004).

Therefore, the complaint does not state a claim upon which relief can be granted. Mr. Brown has already been granted an opportunity to file an amended complaint, and the court finds no basis to conclude that if given another opportunity, he could assert a plausible federal claim, consistent with the allegations he has already made. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED.

January 3, 2023                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court

---

is not specifically addressed to Case Manager Marsh and makes no mention of him being without a tablet. (ECF 10-1 at 2.)